# IN RE: ESTATE OF LAVER

Case No. 85-2893 CP

Fifteenth Judicial Circuit, Palm Beach County

October 19, 1988

## APPEARANCES OF COUNSEL

**Dean J. Rosenbach,** Lewis, Vogosen, Rosenbach & Fitzgerald, P.A., for Florida National Bank.

**Anne B. MacLean,** MacLean & Arlen, P.A., for Co-Personal Representative, Kerry Laver and John Denvir.

**Richard E. Bosse,** for the Laver estate.

Note: The following counsel represent Robert Shapiro and James I. Hunter in a civil suit, *Ian Laver v Hunter and Shapiro, et al.,* Case No. 85-45343 CA (L) G

**Mitchell T. McRae,** for Robert Shapiro.

**Robert A. Ware,** for James I. Hunter.

## OPINION OF THE COURT

VAUGHN J. RUDNICK, Circuit Judge.

## ORDER SUSTAINING OBJECTION TO PETITION FOR DISCHARGE FINAL ACCOUNTING AND SETTLEMENT OF CLAIM

Florida National Bank, hereinafter referred to as "FNB," is an objector in this cause and a creditor of the Estate of Ian R. Laver in an approximate amount of $66,265.86 resulting from the entry of a deficiency judgment.

The estate, through its personal representative, Kerry Laver, the widow of the decedent, entered into a stipulation with "FNB" wherein "FNB" would refrain from its collection efforts until one year after the signing of the stipulation; it being the understanding "FNB" would be paid its judgment from the proceeds of a pending wrongful death action against Delta Airlines.

Subsequent to this stipulation, the estate settled with Delta Airlines for the sum of $1,800,000, allocated as follows: $800,000 to the son, Michael; $650,000 to daughter, Kim; $300,000 to the widow, Kerry Laver (personal representative and guardian of the children) and $50,000 to the estate. This settlement agreement was presented to the court for approval without notifying "FNB" or making any provision for the payment of debt due "FNB." This estate is heavily indebted and has several hundred thousand dollars outstanding creditor's claims against it.

"FNB" filed an objection to the personal representative's petition for discharge, final accounting, settlement, and also filed with this court a motion to compel payment of its claim.

Counsel were unable to cite to the court any Florida case directly on point and those presented to the court by the estate from the States of Arkansas and New York - *Dukes v Dukes,* 349 SW 2d 3339 (Ark 1961) and *Transit Casualty Company v Estate of Rappaport,* 424 NY Supp.2d 665, holding respectively that damages recovered in a wrongful death action are recovered in the name of the personal representative of the deceased but do not become assets of the estate and the authority of an executor to settle a claim against an estate is not contingent upon the consent of the beneficiaries who are opposed to the settlement are not controlling.

Florida's Wrongful Death Statute provides:

"The decedent's personal representative may recover from the decedent's estate the following: . . . (7) All awards for the decedent's estate are subject to the claims of creditors who have complied with the requirements of probate law concerning claims."

It is well established in Florida Law an estate's personal representative acts as a fiduciary of both the beneficiaries and creditors of the estate and as such is required to exert the same standard of care as that of a trustee acting under an expressed trust. See *Beck v Beck* 383 So.2d 268 (Fla. 3d DCA 1980).

"No rule of law is better settled than that a trustee cannot use trust property or his relation to it for his personal advantage." See *In re: Estate of Corbin*, 391 So.2d 731 (Fla. 3d DCA 1980).

The personal representative occupies a position of trust in respect to those who are interested in the estate, heirs and creditors alike, and as such is required to act in good faith and with due prudence and diligence in the care and management of the estate. See *In re: Wilson's Estate*, 116 So.2d 440 (Fla. 2d DCA 1959).

Although F.S. § 733-612(20)(24), authorizes, without order of court, a personal representative acting reasonably for the benefit of interested persons, to prosecute or defend claims for the protection of the estate and to satisfy and settle claims and distribute the estate as provide in the Probate Code. Chapter 733.610 sets forth a caveat; that being, "Any transaction that is affected by a conflict of interest on the part of the personal representative is voidable by any interested person except one who has consented after fair disclosure, unless . . . (2) the transaction is approved by the court *after notice to interested persons.*"

Query: Is an unpaid creditor an interested person within the meaning of our Probate Code? Chapter 731.201(21) gives the definition of an interested person, which means, "Any person who may reasonably be expected to be affected by the outcome of the particular proceedings involved . . ."

It is hard to conceive that any creditor of an estate could not be considered interested in the settlement of a wrongful death action, particularly when the results of the settlement have the widow and children, for all practical purposes, receiving almost all the proceeds of the settlement and the creditors taking virtually nothing.

The conflict of interest is patent and the creditor is at least entitled to notice when the matter is brought before the court for approval.

Such notice does not necessarily mean the settlement agreement should be set aside without more. It does mean, however, the agreement is subject to the scrutiny of the court to ensure the personal representative was fulfilling the duty as a trustee for the benefit of all interested persons, rather than "the chosen few."

It is thereupon,

**ADJUDGED**

1. The previous settlement agreement between Delta Airlines, Inc. and the Estate of Ian R. Laver, a/k/a Ian Laver is set aside.

2. An evidentiary hearing shall be held with proper notice to all interested persons for the purpose of determining the fairness of the settlement agreement.

3. No funds shall be distributed from the estate without court approval.

4. Counsel is directed to call this court's judicial assistant within 5 days of the receipt of this order, requesting a hearing and advising how much time is necessary to present this matter to the court for resolution.

ORDERED October 19, 1988 at West Palm Beach, Palm Beach County, Florida.